CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 13, 2026
LAURA A. AUSTIN, CLERK
BY:  s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Kimberly Wood, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:26-cv-00023 |
| | ) | |
| Bank of America N.A. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on *pro se* Plaintiff Kimberly Wood's second emergency motion for a temporary restraining order ("TRO") and preliminary injunction against "Capitol One Auto Finance" ("Capital One"), (Dkt. 33), and her motion for judicial notice, (Dkt. 28). Wood once again asks this court to prevent the repossession of her truck.  For the reasons stated below and in the court's earlier memorandum opinion and order, (Dkt. 29), the court will deny Wood's TRO and preliminary injunction motion.  The court will also deny her motion for judicial notice.

### I.     Background

On March 16, 2026, Wood filed a motion "for an Emergency Temporary Restraining Order . . . to enjoin Capitol On[e] Auto Finance from repossessing [her] auto mobile (2021 Ram 1500 truck)."  (Dkt. 17 at 1.)  On April 1, 2026, this court denied the motion for several reasons, including that Wood's allegations against Capital One are "entirely distinct" from those included in her complaint, that Capital One was not a party, that she fails to show a

likelihood of success on the merits, and that she does not show that she is likely to suffer irreparable harm.  (*See* Dkt. 29 [hereinafter "First Mem. Op."].)

On April 7, 2026, Wood once again moved "for an Emergency Temporary Restraining Order [] and a Preliminary Injunction to stay the repossession of her 2021 Ram 1500 Truck." (Dkt. 33 at 1–2.)  She posits that her concurrent motion for leave to amend to join Capital One Auto Finance as a defendant, (Dkt. 34), cures the defect in her previous TRO motion, (Dkt. 33 at 2).  Wood is mistaken.  The court expressly stated in its April 1 memorandum opinion that, "[e]ven if the claims were related and Capital One had been named as a defendant in this suit, Wood provides no legal basis for her claims against Capital One and thus fails to show a likelihood of success on the merits."  (First Mem. Op at 4.)  The court then held that Wood did not show a likelihood of irreparable harm, as she did not "allege any facts to suggest that this potential repossession is actual and imminent."  (*Id.* at 5.)  Accordingly, the court explained why, even with Capital One added as a defendant, Wood was not entitled to preliminary injunctive relief.

## II.    Standard of Review

A temporary restraining order ("TRO") or preliminary injunction under Federal Rule of Civil Procedure 65 is an "extraordinary remed[y]" that should be granted "only sparingly and in limited circumstances."  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991) (cleaned up); *see Variable Annuity Life Ins. Co. v. Coreth*, 535 F. Supp. 3d 488, 501 (E.D. Va. 2021).  Preliminary injunctive relief "may only be awarded upon a clear showing that the plaintiff is entitled to relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)

(cleaned up).  Specifically, the plaintiff must make a clear showing (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see Maages Auditorium v. Prince George's Cnty.*, 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014), *aff'd*, 681 F. App'x 256 (4th Cir. 2017) ("The standard for a temporary restraining order is the same as a preliminary injunction."). The plaintiff's failure to establish just one factor warrants the denial of relief. *See Am. Fed'n of Tchrs. v. Bessent*, 152 F.4th 162, 169 (4th Cir. 2025). Because Wood is proceeding *pro se*, the court must liberally construe her filings while applying these standards. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, liberal construction "does not transform the court into an advocate" for a *pro se* litigant. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III.    Analysis

#### A. Motion for TRO and Preliminary Injunction

Wood's second motion for a TRO and preliminary injunction, (Dkt. 33), contains arguments and allegations that are essentially the same as those in her first motion, (Dkt. 17), with only slight variations. Still, she fails to show that any *Winter* factors are met. Once again, Wood does not cite any clear legal authority under which she brings her claims against Capital One. She makes references to "misrepresentations" and "bad faith." (Dkt. 33 at 2.) But even under the most liberal construction, Wood does not allege facts supporting the elements of a misrepresentation, fraud, or breach of contract claim—much less make a "clear showing" that

she would likely succeed on any of these claims.[1]  Further, many of Wood's factual allegations are incoherent or seemingly contradicted by her own exhibits.  For example, she alleges that she has been locked out of her account.  (Dkt. 33 at 5.)  But the April 1 letter from Capital One to Wood, (Dkt. 33-4), the transaction list showing payments made in January and March of 2026, (Dkt. 33-7 at 1), and the screenshot of a "one-time payment" scheduled for April 1, 2026, (Dkt. 33-6), suggests that she has not been restricted since her January 2026 bankruptcy dismissal, (*see* Dkt. 33 at 5).  Wood's failure to demonstrate a likelihood of success on the merits is, alone, sufficient to deny her motion.  *Frazier v. Prince George's Cnty.*, 86 F.4th 537, 544 (4th Cir. 2023) ("[D]enying a preliminary injunction only takes the rejection of a single factor." (emphasis omitted)).

And even under the next *Winter* factor, Wood's motion would be denied, as she fails to show "more than just a possibility of irreparable harm" in the absence of a preliminary injunction.  *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (internal quotation marks omitted).  The vague allegation that "Defendant continues to pursue an illegal 'self-help' repossession," (Dkt. 33 at 2), is not enough to show that repossession harm is "actual and imminent," *Direx Israel, Ltd.*, 952 F.2d at 812 (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)).  The court need not reach any of the remaining factors, and Wood's motion will be denied.[2]  *See N. Va. Hemp & Agric., LLC v. Virginia*, 125 F.4th 472,

---

[1] Wood cites Virginia Code § 8.9A-609 in her affidavit, (Dkt. 33-2), but this court has already explained that this statutory provision does not apply because "Wood does not allege that Capital One has even taken possession of her vehicle, much less committed a breach of the peace."  (First Mem. Op. at 5.)

[2] Because Wood has not shown that she is entitled to preliminary injunctive relief, the court declines to award the requested relief of "[j]oin[ing] Capital Once [sic] Auto Finance as a party to this action for the purposes of injunctive relief."  (Dkt. 33 at 4.)  Moreover, to the extent that Wood asks this court to "[o]rder a status conference," the court will schedule a conference at the appropriate time as it sees fit.  (*Id.*)

497 (4th Cir. 2025) ("The plaintiffs' failure to show a likelihood of success on the merits dooms their request for a preliminary injunction.").

### B. Motion for Judicial Notice

Under Federal Rule of Evidence 201(b), courts are authorized to take judicial notice of adjudicative facts if they are "not subject to reasonable dispute" because either (1) they are generally known within the territorial jurisdiction of the court, or (2) they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Wood moves for judicial notice of facts that are purportedly established by "Certified Public Records and official government correspondence already in the record of this case." (Dkt. 28 at 1.) However, she does not attach the pertinent records and correspondence to her motion for judicial notice. Because the adjudicative facts at issue are not generally known within the Western District of Virginia, Wood must show that the facts come from sources whose accuracy cannot reasonably be questioned.

Wood has made numerous filings in this case with a plethora of exhibits. (*See, e.g.*, Dkts. 11, 12, 13, 18, 24.) The court will not rummage through the hundreds of exhibit pages and guess which could be the certified public records and correspondence to which Wood refers. *See Thompke v. City of Myrtle Beach, S.C.*, No. 4:05-cv-00452, 2005 WL 8162877, at \*3 (D.S.C. Dec. 1, 2005) ("Plaintiff is advised that the court is not going to sift through the many filings in this case in an attempt to determine to what she is referring. Any arguments should be specific and any reference to other documents filed with the court should specifically identify any such document (i.e., name of document, date of filing, and document number)

and attach any such document to the subject motion when appropriate."). Accordingly, the court cannot determine at this juncture whether the proffered adjudicative facts may be accurately and readily determined from accurate sources. Wood's motion for judicial notice will be denied.

## IV.    Conclusion and Order

For the foregoing reasons, as well as the reasons provided in the court's prior memorandum opinion, (Dkt. 29), Wood's motion for temporary restraining order and preliminary injunction, (Dkt. 33), is **DENIED**. Wood's motion for judicial notice, (Dkt. 28), is also **DENIED**.

The Clerk is directed to send a copy of this Order to Wood and all counsel of record.

**IT IS SO ORDERED.**

**ENTERED** this __13th__ day of May, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE